UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 20-CR-191 (CKK) |
| | : |
| SHAWN GRAY, | : |
| | : |
| Defendant. | : |

### STATEMENT OF FACTS IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, together with defense counsel, respectfully submits this jointly signed statement of facts in support of the guilty plea contemplated by the defendant to count one of the indictment, possession of ammunition by a prohibited person (after a felony conviction) in violation of 18 U.S.C. §922(g).

**A.  ELEMENTS OF OFFENSE**

The parties in this case, the United States of America and the defendant, Shawn Gray ("defendant"), stipulate and agree that the following constitute the elements of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1):

1. The defendant possessed a firearm or ammunition;

2. The defendant did so voluntarily and on purpose, and not by mistake or accident;

3. The firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose); and

1

4. At the time the defendant possessed the firearm or ammunition, he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

**B.   PENALTIES**

Conviction for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), carries a maximum sentence of ten years' imprisonment, a maximum fine of $250,000, a term of supervised release of not more than three years pursuant to Title 18, United States Code, Section 3583(b)(2), and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**FACTUAL SUMMARY**   This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty. The United States and the defendant agree and stipulate as follows:

If the Government were to proceed to trial, the evidence would show the following: on September 4, 2020, at approximately 7:21 p.m. (still daylight), the Metropolitan Police Department's Gun Recovery Unit proceeded to a small shopping center/strip mall at 1201 Mount Olivet Road NE, Washington D.C. to investigate recent reports of gunshots fired. They had no information about any particular suspect. Once there, officers observed the defendant, later identified as Shawn Gray, standing outside of a silver-colored BMW auto parked in an alleyway

and near a chain link fence. The officers observed the defendant while he was talking to a woman seated on the driver's side. Then he moved to the passenger side of that vehicle. As officers approached, the defendant began leaning against the car, in what Officer Markell Jones believed to be an apparent attempt to obstruct or shield the officers' view of his front waistband.

Shortly after the arrival of the officers, Officers Markell Jones, John Bewley and Daniel Marsh observed the defendant standing next to the passenger side of a BMW vehicle, talking through an open window with a female who was seated on the driver's side of the car. Officer Markell Jones observed a large bulge in the front of the defendant's basketball style shorts, which was inconsistent with normal human anatomy. In response to the defendant's conduct in moving from one side of the car to the other, officers approached him. As Officer Markell Jones moved closer, the defendant began shielding or pivoting the right side of his body away from him and other officers so as to conceal the front of his shorts. Although a firearm was not yet visible, consistent with the officer's training and experience, he suspected the defendant had a concealed firearm in his shorts. Consequently, Officer Jones asked the defendant if he was carrying a firearm and the defendant answered "no." He asked the defendant to lift up his shirt and the defendant complied. Officer Jones approached the defendant and asked "I'm going to pat you down real quick, alright? The defendant replied, "Go ahead."

In less than a second however, Officer Jones touched the front of the defendant's shorts, felt the handle of a firearm, and uttered a predetermined code statement signaling to other officers the presence of a firearm. The officers immediately handcuffed the defendant with his hands behind his back. Officer John Bewley retrieved an evidence bag from the trunk of a nearby police vehicle and while the defendant was handcuffed, Officer Jones reached in the front of the

defendant's shorts, and pulled back the waist band. Officers could now clearly see that a firearm was concealed in a pair of compression shorts (underwear), exactly where police had observed the bulge. Officer Bewley seized the handgun, later identified as a 40-caliber privately-manufactured firearm (commonly called a "ghost gun") (the frame was a polymer composite material) with a Glock 23 slide (bearing a manufacturer's serial number). No round was found in the chamber, but 8 rounds of ammunition were recovered in a 15-round capacity magazine and the firearm was otherwise ready to fire. There are no ammunition manufacturers in the District of Columbia.

By way of his previous conviction, the defendant was previously convicted of possessing a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) in U.S. District Court Criminal Case No. 13-110-RDM. He was sentenced to 40 months' imprisonment. Additionally, the defendant was convicted in 2009 for carrying a pistol without a license, in D.C. Superior Court Case No. 2009-CF2-8335 and was sentenced to 36 months' imprisonment. The defendant acknowledges that at the time of this incident, he knew he was previously convicted of a crime punishable by more than one year of imprisonment.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415-793

By: _____
John P. Dominguez
Assistant United States Attorney
Bar #: DC 959809
555 4th Street, N.W.   Room #4229
Washington, DC  20530
202-252-7684
john.dominguez@usdoj.gov
cell: 202-809-8686

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Offense and have discussed it with my attorney, Kevin McCants. I fully understand this Statement of Offense. I agree and acknowledge by my signature that this Statement of Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

Date: 2•7•2022

Shawn Gray
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of Offense and have reviewed it with my client Shawn Gray fully. I concur in my client's desire to adopt this Statement of Offense as true and accurate.

Date: 2-11-22

Kevin McCants, Attorney
Counsel for the defendant

5